Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

**DEVI RAJSHRI SETHUMADHAVA MENON**

                            Plaintiff,

- against -

**WARD CORBETT AND CATALYST PARTNERS MANAGEMENT LLC**

                            Defendant.

Docket No. 2:21-cv-08384-KM-JBC

**AMENDED COMPLAINT AND JURY DEMAND**

---------------------------------------------------------------- x

**COMPLAINT**

Plaintiff, Devi Rajshri Sethumadhava Menon, by way of complaint against Defendants, Ward Corbett and Catalyst Partners, alleges and says:

**JURISDICTION AND VENUE**

1. This is an action for damages for securities fraud related to an investment fraudulently induced by the Defendants in their hedge fund, and for related state law claims.

2. This court has jurisdiction pursuant 28 U.S.C. §1331, granting the court jurisdiction over civil actions arising out of the laws of the United States, and this Court has jurisdiction over related state law claims pursuant to 28. U.S.C. § 1367.

3. Plaintiff resides in this district and the events giving rise to the action arose in this district, and as such, this Court has personal jurisdiction over the matter.

4. Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district, as the investment was solicited by the Defendant Ward Corbett on his behalf and that of his company, Catalyst Partners while physically present in this district. The fraudulent statements were made in the Plaintiff's apartment in Jersey City and the funds were wired by the Plaintiff from her home in Jersey City.

## THE PARTIES

5. Plaintiff, Devi Rajshri Sethumadhava Menon, residing at 110 1st St. Apt. 15D, Jersey City, NJ 07302, is an individual who invested with Defendants Corbett and Catalyst after being urged to do so by Corbett. Ms. Menon believed here investment to be safe and liquid, and accepted the assurances of Corbett, with whom she was engaged in a romantic relationship..

6. Defendant, Ward Corbett ("Corbett") is upon information and believe the principal of Defendant Catalyst, and uses Catalyst in the furtherance of fraudulent schemes. Corbett maintains an office at 350 Park Avenue, New York, NY 10022, and resides in New York City. Corbett resides at 4 Park Lane, Apt. 3A, Mount Vernon, New York.

7. Catalyst Partners ("Catalyst") upon information and belief, has its principal place of business at 350 Park Avenue, New York, NY 10022 and is essentially the alter ego of Corbett.

## FACTUAL BACKGROUND

8. Beginning in 2019, Ms. Menon was romantically involved with Corbett.

9. In July 2019, he began asking her to invest in his hedge fund, Defendant Catalyst. These solicitations occurred in person at her home in Jersey City, as well as over text messaging applications.

10. Mr. Corbett never invited Ms. Menon to his home and they generally were together in New Jersey.

11. Initially, Ms. Menon indicated that she had provided funds to former boyfriends and was nervous of the impact it would have on her relationship with Mr. Corbett.

12. She also indicated that money was tight and that she was concerned about losing a substantial amount of her savings.

13. The same conversation recurred several times over the next several months, but Corbett continued to pressure Ms. Menon into providing money to invest in his fund.

14. She also communicated to him that she had made a loan to a real estate investor and not recouped her money.

15. As Corbett continued to involve himself in Ms. Menon's life, he used details of prior situations to tag her as a mark for fraud, and presented investing money with him as a way to keep her money safe.

16. Furthermore, Mr. Corbett was aware that Ms. Menon resided in New Jersey and frequently texted her in New Jersey to send him funds by wire transfer.

17. For example, on August 22, 2019, Corbett suggested that he wanted her to invest with him specifically to avoid being ripped off. "Devi: You know the story of me losing 75k to a developer right Ward Corbett: Well just think about it. Yes that's partly why I suggested it. Devi: So I don't get ripped off ? Ward Corbett: yes "

18. On other occasions, Corbett ensured Ms. Menon that her funds were safe, stating in response to Ms. Menon's concerns on September 5, 2019 that she had nothing to worry about.

> [9/5/19, 9:31:51 AM] Devi: Baby - I am not ready for that yet
> [9/5/19, 9:47:47 AM] Ward Corbett: why
> [9/5/19, 9:51:32 AM] Devi: It's a lot of money for me and it's going away from me without any legal backup or recourse . And I don't know if it's wise for us to commingle our assets like that yet babe ?
> [9/5/19, 9:55:27 AM] Devi: Another consideration is that I have to tell GS if I invest in anything . I can't invest in single name stocks
> [9/5/19, 9:56:11 AM] Ward Corbett: i know that's not an issue
> [9/5/19, 9:56:32 AM] Devi: What is
> [9/5/19, 10:00:17 AM] Ward Corbett: Neither
> [9/5/19, 10:01:18 AM] Devi: I have legal recourse n back up ?
> [9/5/19, 10:01:37 AM] Devi: It is wise to commingle ?
> [9/5/19, 10:03:38 AM] Ward Corbett: Of course.  No worries babe.
> [9/5/19, 10:44:54 AM] Devi: Am sorry am not able to just give the money babe . Even when I borrow money from friends - I sign up a document saying I owe them and I've always paid it back sooner than later .

19. Corbett also made sure to hide the exact nature of the investment and his fund, while continually begging Ms. Menon to send him money.

20. On another occasion on September 17, 2019, Corbett declared that he "would never hurt you" to Ms. Menon.

21. After constant pressure, on September 23, 2019, Ms. Menon sent Corbett $10,000 and ultimately gave him a total of $100,000.

22. These funds were to be invested in the Catalyst fund, but upon information and belief, the funds were simply stolen by Mr. Corbett for his personal expenses.

23. On January 16, 2020, Ms. Menon asked for a statement of how her investment was performing, and after some evasion, Corbett replied that "It hasn't been a year yet but for end of year you could say about 11%."

24. On February 4, 2020, Ms. Menon again requested information about her investment, asking "How's my money with u doing babe ?" and Corbett responded on February 5, 2020 that "all is well."

25. On March 6, 2020, Corbett declared that the investment was doing "Great" because he "can short the market." He also stated that he had "been waiting for this shorting opportunity."

26. In October 2020, Ms. Menon asked to withdraw her money, and Corbett continually demurred.

27. Corbett eventually responded asking for more money.

28. On several occasions, Corbett claimed he was returning the money, but never did so.

29. During the course of their relationship, Ms. Menon also permitted Corbett to charge business expenses to a shared American Express Card, with the understanding that Corbett would pay the full card.  Corbett has failed to repay a significant portion of the American Express card charges and incurred substantial interest.

## COUNT ONE (Securities Fraud)

30. The allegations contained in this Complaint are incorporated herein by reference as if fully set forth herein.

31. Section 10(b) of the Securities and Exchange Act of 1934 prohibits the use of manipulative or deceptive practices in the offer and sale of securities.

32. The investments offered by Corbett and Catalyst to Plaintiff are securities under applicable Federal laws.

33. As stated on its public website, Catalyst manages client funds and invests them in various securities.

34. Catalyst's website claims that it invests using a "Long Only Strategy" despite Corbett's claims that he was waiting for shorting opportunities.

35. Corbett used various schemes to pressure Ms. Menon to invest in his fund, but has refused to provide any accounting of what the money was invested in, or to return the money upon demand.

36. For these reasons, Plaintiff believes that the money was simply stolen by Corbett, and that no actual stock investments exist.

37. As such, the Defendants have carried out a device, scheme, or artifice to defraud, and have made numerous untrue statements of material fact and omissions of material fact to convince Ms. Menon to invest her funds with Catalyst.

38. Furthermore, Catalyst is not a registered with the SEC, and is not permitted to sell securities to unaccredited investors.

39. Ms. Menon is not an accredited investor, and Catalyst was not permitted to seek investments from her.

40. As such, the Defendants hid the exact nature of the investment, the liquidity of Ms. Menon's money and promised that it was not risk, when it apparently was.

WHEREFORE, Plaintiff seeks judgment against the defendants in her favor jointly and severally for damages, punitive damages, interest, costs of suit, attorneys fees and such further relief as the Court may deem just and equitable.

## COUNT TWO (New Jersey Uniform Securities Law)

41. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

42. Defendants, by virtue of their acts and omission, as set forth above, have violated and their duties under the New Jersey Uniform Securities Law, N.J.S.A. 49:3-47 et seq.

43. Specifically, Defendants are in violation of and have breached their duties under the New Jersey Uniform Securities Law, N.J.S.A. 49:3-52, by among other things, (i) defrauding Plaintiff, (ii) making untrue statements of material fact, and (iii) omitting statements of material fact.

44. Additionally, Defendants have violated N.J.S.A 49:3-53 by employing devices, schemes and artifices to defraud Plaintiff, perpetrating a fraud and deceit upon Plaintiff, engaging in dishonest and unethical behavior and making untrue statements of material fact and omitting statements of material fact.

45. Moreover, Defendants are in violation of and have breached their duties under the New Jersey Uniform Securities Law, N.J.S.A. 49:3-71 by virtue of the above described acts and omissions.

46. Defendants conduct was wanton and willful and in disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff seeks judgment against the defendants in her favor jointly and severally for damages, punitive damages, interest, costs of suit, attorneys fees and such further relief as the Court may deem just and equitable.

## COUNT THREE (Conversion)

47. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

48. As described above, the Defendants purported to take an investment from Plaintiff, but simply absconded with the money and refuse to return it or provide any timing for its return.

49. Similarly, the Defendants convinced Plaintiff to allow them to use her credit card, but failed to pay the money back as agreed.

50. This conduct was willful and wanton and without any legal basis.

51. The refusal to return the money is constitutes conversion, as the Defendants are exercising dominion over the Plaintiff's money.

WHEREFORE, Plaintiff seeks judgment against the defendants in her favor jointly and severally for damages, punitive damages, interest, costs of suit, attorneys fees and such further relief as the Court may deem just and equitable.

## COUNT FOUR (Accounting)

52. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

53. Defendants were in a fiduciary relationship with the Plaintiff, and thus owe a duty to fully account for the funds that Plaintiff entrusted in Defendants' care and custody.

54. As set forth above, the Defendants refuse to provide any information as to whereabouts of the money, the performance of the investment or any details whatsoever and are thus violating this duty to the Plaintiff.

WHEREFORE, Plaintiff seeks judgment against the defendants in her favor jointly and severally for an accounting of any and all monies that Plaintiff entrusted in the care and custody of Defendants, damages, punitive damages, interest, costs of suit, attorneys fees and such further relief as the Court may deem just and equitable.

## COUNT FIVE (Common Law Fraud)

55. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

56. Plaintiff entrusted the funds, and use of the American Express credit card on the basis of various statements and omissions from the Defendants.

57. These statements and omissions were false or misleading and led Plaintiff to provide funds that she would not have provided had she received the truth.

58. Defendants were aware of the falsity of their statements and their omissions.

59. Thus, Plaintiff was damaged by the statements and omissions.

60. This conduct was willful and wanton and without any legal basis.

WHEREFORE, Plaintiff seeks judgment against the defendants in her favor jointly and severally for damages, punitive damages, interest, costs of suit, attorneys fees and such further relief as the Court may deem just and equitable.

## COUNT SIX (Breach of Special Relationship)

61. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

62. Plaintiff was in a special relationship with Corbett, as they were in a romantic relationship.

63. Corbett invited reasonable reliance on his assurances that Plaintiff's money was safe and that he would repay all money he took from her.

64. Defendants were aware that the Plaintiff was relying on these statements.

65. Defendants breached this duty in taking the money and failing to return it upon demand.

66. Plaintiff continues to be damaged by the Defendants' breach.

67. This conduct was willful and wanton and without any legal basis.

WHEREFORE, Plaintiff seeks judgment against the defendants in her favor jointly and severally for damages, punitive damages, interest, costs of suit, attorneys fees and such further relief as the Court may deem just and equitable.

## COUNT SEVEN (Breach of Contract)

68. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

69. Plaintiff understood the transaction to be akin to a loan, along with loaning funds from her American Express card.

70. The American Express card was taken out by Ms. Menon as a favor to Mr. Corbett so that he could obtain a credit card for his business.

71. Mr. Corbett agreed to pay all of the bills from the card.

72. Defendants breached their contractual obligations to Plaintiff.

73. Defendants breached this duty in taking the money and failing to return it upon demand, and failing to pay the credit card.

74. Plaintiff continues to be damaged by the Defendants' breach.

75. This conduct was willful and wanton and without any legal basis.

WHEREFORE, Plaintiff seeks judgment against the defendants in her favor jointly and severally for damages, punitive damages, interest, costs of suit, attorneys fees and such further relief as the Court may deem just and equitable.

                              **THE LAW OFFICE OF AVRAM E. FRISCH LLC**

Hackensack, New Jersey
Dated: October 25, 2021                        **/s/ Avram E. Frisch**
                                                  Avram E. Frisch, Esq.

                                                                                                      1 University Plaza, Suite 119  
                                                                                                       Hackensack, NJ 07601  
                                                                                                        201-289-5352  
                                                                                                        frischa@avifrischlaw.com  
                                                                                                        *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local rule 11.2, the undersigned certifies that to the best of his knowledge, the within matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding nor is any action or arbitration contemplated nor are other parties required to be joined in this action.

Hackensack, New Jersey
Dated: October 25, 2021

/s/ Avram E. Frisch_____
AVRAM E. FRISCH, ESQ.
Attorney for Plaintiff