UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEVI RAJSHRI SETHUMADHAVA MENON,<br><br>Plaintiff,<br><br>v.<br><br>WARD CORBETT, et al.<br><br>Defendants. | Civil Action No. 21-8384 (KM)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Devi Rajshri Sethumadhava Menon ("Plaintiff") for Alternative Service on Defendant Ward Corbett [ECF No. 10]. The Honorable Kevin McNulty, U.S.D.J., has referred the motion to the Undersigned. The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for Alternative Service [ECF No. 10] is **DENIED without prejudice**.

**I.    BACKGROUND**

Plaintiff initiated this action by filing a Complaint on April 6, 2021. ECF No. 1. Plaintiff seeks damages for securities fraud related to an investment allegedly fraudulently induced by Defendants Ward Corbett ("Corbett") and Catalyst Partners Management LLC ("Catalyst Partners") (collectively, "Defendants") for Defendants' hedge fund. *Id.* at ¶ 1. Since initiating this action, Plaintiff has attempted personal service on Defendants. Plaintiff states that personal service has been unsuccessful, and now seeks leave to serve Defendant Corbett through the alternative

1

means of Facebook Messenger, Whatsapp Messenger, and email pursuant to N.J. Ct. R. 4:4-4(b)(3).[1]

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e),

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, the primary method for effectuating service is personal service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules, however, allow for substitute or constructive service when personal service cannot be effected. *See* N.J. Ct. R. 4:4-4(b). "For *in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and 'as provided by court order, consistent with due process of

---

[1] Plaintiff's motion solely seeks alternative service as to Defendant Corbett, and Plaintiff's counsel Avram E. Frisch appears to represent in his Certification in Support that a separate motion for alternative service will be filed regarding Catalyst Partners. *See* ECF No. 10-1 at ¶ 5. However, to date, no such motion has been filed.

2

law.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (citations omitted). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.* (citations omitted).

"Diligence has no fixed standard." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *Id.* (citation omitted). "Namely, the 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (citations omitted). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citations and quotations omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citation omitted).

    **A.**    **Due Diligence and Plaintiff's Attempts at Traditional Service**

In this case, the Court finds that Plaintiff has demonstrated due diligence in attempting to serve Defendant. A review of the Certification of Avram E. Frisch in Support of the Motion to Permit Alternative Service shows that in accordance with N.J. Ct. R. 4:4-4(a), Plaintiff sought the assistance of a process server to personally serve Defendant Corbett. First, the process server attempted to serve Corbett, who is believed to be the sole member of Catalyst Partners, at the offices of Catalyst Partners. However, "[o]n each occasion, the process server was informed that the office was closed due to the COVID pandemic with all employees working from home." ECF

3

No. 10-1, Certification of Avram E. Frisch, Esq. ("Frisch Cert.") at ¶ 4. Plaintiff then tried to determine the home address of Corbett, who was allegedly in a romantic relationship with Plaintiff but never provided an actual home address during their relationship. *Id.* at ¶ 7. The process server attempted to serve Corbett at 4 Putnam Hill, Greenwich, Connecticut, wherein an alleged former girlfriend of Corbett resided. *Id.*[2] The process server then tried to serve Corbett at 4 Park Lane, Apt. 3A, Mount Vernon, New York, which Plaintiff's counsel represented was the home of Corbett's mother. *Id.* at ¶ 8. While the complaint was initially served at this address, Judge McNulty issued a Memorandum and Order on October 8, 2021 declining to grant default judgment based on this service, noting the discrepancy between Plaintiff's counsel's representation that this Mount Vernon, NY address was Defendant Corbett's usual place of abode with the representation in Plaintiff's complaint that Defendant Corbett resides in New York City. *See* ECF No. 7. The order set forth that "[a]ny amended complaint shall be served anew in conformity with Fed. R. Civ. P. 4(e), (h)." *Id.*

Plaintiff thereafter filed an amended complaint on October 25, 2021 which alleged the following regarding Defendant Corbett's residency: "Corbett maintains an office at 350 Park Avenue, New York, NY 10022, and resides in New York City. Corbett resides at 4 Park Lane, Apt. 3A, Mount Vernon, New York." ECF No. 8 ("Am. Compl.") at ¶ 6.[3]

Plaintiff again attempted to serve Defendant Corbett via process server at the Mount Vernon address, and the process server was not able to successfully execute service despite visiting the address four times, including on November 5, 2021, when the process server spoke to Corbett's

---

[2] Plaintiff's counsel does not explain how he obtained this Greenwich, CT address, merely stating that this "address turned up as a potential location for Mr. Corbett." Frisch Cert. at ¶ 7.

[3] Plaintiff does not address the discrepancy between claiming Corbett resides in New York City in the second sentence of Paragraph 6 of the amended complaint with the assertion in the following sentence that Corbett resides in Mount Vernon, which is located outside of New York City, in Westchester County, New York. *See* ECF No. 8 at ¶ 6.

4

mother "who stated she is not authorized and her son is not home." ECF No. 10-3. However, in a separate affidavit, the same process server stated Corbett's mother received a copy of the amended complaint during the November 5, 2021 visit to the Mount Vernon address. *See* ECF No. 10-4. When Defendant Corbett failed to respond to the amended complaint, Plaintiff "decided to employ a private investigator to try to locate Mr. Corbett personally at his mother's home and ensure that service is effectuated," but the investigator's attempts were similarly unavailing. Frisch Cert. at ¶¶ 12-14. Plaintiff's counsel states in his affirmation that based on these futile efforts, Plaintiff has been unable to confirm "that Mr. Corbett actually resides with his mother at 4 Park Lane, Apt. 3A, Mount Vernon, NY" and thus Plaintiff seeks "to serve Mr. Corbett by alternative means." *Id.* at ¶ 14. In light of the foregoing, the Court is satisfied that Plaintiff has exhausted all reasonable options for personal service on Defendant Corbett and that substitute service remains the only option despite its slim chances of reaching Defendant.

    **B.    Compliance of Plaintiff's Proposed Methods of Alternative Service with Constitutional Due Process**

However, the Court must still determine whether the types of alternative service requested by Plaintiff meet the constitutional requirements of due process. *See* New Jersey Court Rule 4:4-5(b); *see also H.D. Smith, LLC*, 2016 WL 3606785, at *2. The United States Supreme Court has held that constitutional notions of due process require "the opportunity to be heard." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). "Thus, to comply with due process, the proposed method of service must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Grange Ins. Co. v. Hankin*, No. 21-11928, 2022 WL 855694 at *4 (D.N.J. Mar. 23, 2022) (quoting *Mullane*, 339 U.S. at 314).

Plaintiff's counsel's certification proposes the following methods of alternative service:

> 15. Mr. Corbett is active on Facebook and Whatsapp and has active accounts on both services. A review of his Facebook account by myself today [February 14, 2022] shows recent posts on February 1 and January 17, 2022. Facebook messenger and whatsapp also permit a party to a conversation to see if the message has been received and if it has been read.
>
> 16. We therefore propose to serve Mr. Corbett via Facebook Messenger, Whatsapp Messenger and Email. We believe that this will result in Mr. Corbett clearly seeing the complaint and as such comports with due process of law.

Frisch Cert. at ¶¶ 15-16.

While there is scant case law in the District of New Jersey on the permissibility of serving a United States defendant via email, Facebook messenger, or Whatsapp messenger, in a recent decision this Court cited a Ninth Circuit decision that noted that, in the context of reviewing motions for alternative service where the defendants resided internationally, "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Grange Ins. Co.*, 2022 WL 855694 at *4 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). Although such international service implicates Fed. R. Civ. P. 4(f) rather than subsection (e), the Ninth Circuit held that service abroad must likewise "comport with constitutional notions of due process," thus indicating that the due process analysis is identical under subsections (e) and (f) of Rule 4. *Rio Props.*, 284 F.3d at 1016.

Additionally, this Court has previously recognized that service by email is generally permitted where "the movant has 'supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *U.S. Sec. and Exch. Comm'n v. Vuuzle Media Corp.*, No. 2:21-cv-1226 (Waldor, J.), 2021 WL

6

1731947 at *3 (D.N.J. May 3, 2021) (alteration in original) (quoting *Morse v. Levine*, 2019 WL 7494619 (S.D.N.Y. Dec. 19, 2019), *report and recommendation adopted*, 2020 WL 85410 (S.D.N.Y., Jan. 3, 2020)).

In *Vuuzle Media Corp.*, this Court recognized that an email would genuinely apprise the defendant of the suit where recent communications and financial records reflected usage of the email and the defendant himself represented the email as his own in a public press release. *Id.* The court further noted that the fact that the defendant appeared to have knowledge of the lawsuit supported the suitability of email service. *Id.* This Court has also accepted email as a sufficient means of service where the plaintiff demonstrates direct communication with the defendant at the relevant address. *See Vaswani, Inc. v. Manjunathamurthy*, No. 2:20-cv-20288 (Waldor, J.), 2021 WL 1541071 at *2 (D.N.J. Apr. 19, 2021). However, the court in *Vaswani, Inc.* also partially denied the plaintiff's motion for alternative service as to certain defendants where the plaintiff only provided a record of an email address being associated with the defendant without demonstrating that the party was actually "likely to receive the Summons and Complaint via that address." *Id.* at *3. The court emphasized that it is unable to permit service by email without sufficient proof that the email address genuinely belongs to the defendant or that the defendant "actively uses it." *Id.*

Here, Plaintiff lists three email addresses in the proposed order that she alleges are associated with Defendant Corbett. *See* ECF No. 10-6. However, Plaintiff fails to present any evidence verifying the connection between those emails and Defendant. As stated above, courts typically grant alternative service via email only when the plaintiff demonstrates that the email address would genuinely apprise the defendant of the lawsuit and the plaintiff demonstrates some knowledge that the defendant actually uses that email address. *See, e.g.*, *Vuuzle Media Corp.*, 2021 WL 1731947 at *3; *Vaswani, Inc.*, 2021 WL 1541071 at *2. Without more, and indeed in light of

7

Plaintiff's total lack of explanation for how she obtained these email addresses and whether Defendant Corbett actively uses these email addresses, the Court **DENIES without prejudice** Plaintiff's motion for alternative service as to the three email addresses listed in the proposed order.

Regarding Plaintiff's request to serve Defendant Corbett via Facebook messenger and Whatsapp messenger, the Court notes that, "[a]s a general matter, service via social media is assessed in the same manner as email service, with the analysis centering on due process concerns for the defendant receiving notice of the lawsuit." *Vaswani, Inc.*, 2021 WL 1541071 at *4 (citing *Asiacell Commc'ns PJSC v. Doe*, 2018 WL 3496105 (N.D. Cal. July 20, 2018)).

In *Vaswani, Inc.*, the court denied the plaintiff's motion for alternative service via Instagram utilizing the same standard as for email service and holding that service in this manner was not "reasonably calculated to provide [the defendant] with notice of the lawsuit." *Id.* at *5. In support of its motion, the plaintiff had provided documentation which listed the individual defendant as Chief Executive Officer of the defendant company and purportedly linked the individual defendant's Facebook profile, which in turn linked the individual defendant's Instagram profile. *Id.* The plaintiff additionally presented a printout ostensibly displaying Instagram activity in the months preceding the lawsuit; however, the court was unconvinced by this showing. *Id.* In analyzing this method of service, the court explained that the printouts failed to prove that the Instagram profile actually belonged to the defendant, nor did the documentation provide any indication that the defendant "actively monitors" the relevant account. *Id.* The court concluded that "where courts have permitted service through social media messaging, they have been presented with strong evidence demonstrating that the party being served was likely to receive the message." *Id.* (citing *Silverman v. Sito Mktg. LLC*, 14-CV-3932, 2015 WL 13649821 (E.D.N.Y. July 21, 2015)).

Given the holding in *Vaswani, Inc.*, the Court finds that Plaintiff here has not set forth sufficient evidence to prove that Defendant is reasonably likely to receive the summons via Facebook messenger or Whatsapp messenger. With regard to Facebook, Plaintiff's counsel has only provided a firsthand review of the account purported to belong to Defendant Corbett and alleges the account contains recent posts, but Plaintiff's counsel fails to provide the Facebook profile itself or any evidence demonstrating Defendant's ownership thereof. ECF No. 10-1 at ¶ 15. In addition to providing the court with the Facebook account in question, Plaintiff must, at minimum, provide proof of direct communication with the account, without which she may need to go as far as to subpoena Facebook to gather proof of Defendant's ownership. *See Vaswani, Inc.*, 2021 WL 1541071 at *5 (citing *SEC v. Dubovoy,* No. 15-6076, 2019 WL 13039934 at *7 (D.N.J. Apr. 29, 2019) (denying request for service via Facebook in part because the plaintiff "failed to subpoena Facebook to gather proof that Defendants . . . own the accounts")). Therefore, the Court **DENIES without prejudice** Plaintiff's motion to effect alternative service on Defendant Corbett via Facebook messenger.

With regard to Plaintiff's request to serve the complaint on Defendant Corbett via Whatsapp messenger, Plaintiff provides the phone number associated with a Whatsapp account in the proposed order, *see* ECF No. 10-6, but does not explain how such phone number was obtained or provide any proof that the Whatsapp account is associated with Defendant Corbett. While Plaintiff's Amended Complaint does reference text conversations that took place between Defendant Corbett and Plaintiff in 2019, *see* Am. Compl. at ¶¶ 16-18, there is no indication these conversations took place on the Whatsapp platform or that the phone number listed in the proposed order annexed to Plaintiff's motion for alternative service corresponds with the same phone number from which Defendant Corbett engaged in these text conversations with Plaintiff. Based

on the lack of evidence furnished by Plaintiff, the Court cannot conclude that service via Whatsapp messenger will apprise Defendant Corbett of the pendency of this action. Therefore, Plaintiff's request to serve Defendant Corbett via Whatsapp messenger is similarly **DENIED without prejudice**.

### III.     CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **1st** day of **September, 2022**,

**ORDERED** that Plaintiff's motion for Alternative Service [ECF No. 10] is **DENIED without prejudice**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**