UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEVI RAJSHRI SETHUMADHAVA MENON,**<br><br>Plaintiff,<br><br>v.<br><br>**WARD CORBETT, et al.,**<br><br>Defendants. | **Civil Action No. 21-8384 (KM)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a renewed motion by Plaintiff Devi Rajshri Sethumadhava Menon ("Plaintiff") for Substituted Service on Defendant Ward Corbett ("Corbett") [ECF No. 16]. The Honorable Kevin McNulty, U.S.D.J., has referred the motion to the Undersigned. The motion is unopposed. The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's renewed motion for Substituted Service [ECF No. 16] is **GRANTED**. Additionally, as set forth more fully below, Plaintiff's motion for default judgment as to Defendant Catalyst Partners Management LLC ("Catalyst Partners") [ECF No. 14] is **DENIED without prejudice** subject to Plaintiff effecting service on Defendant Corbett as principal of Catalyst Partners.

**I.   BACKGROUND**

Plaintiff initiated this action by filing a Complaint on April 6, 2021. ECF No. 1. Plaintiff seeks damages for securities fraud related to an investment allegedly fraudulently induced by Defendants Corbett and Catalyst Partners (collectively, "Defendants") for Defendants' hedge fund.

1

*Id.* at ¶ 1. Since initiating this action, Plaintiff has attempted personal service on Defendants.[1] Plaintiff initially moved for Substituted Service on Defendant Corbett on February 14, 2022. ECF No. 10. The Court denied that motion without prejudice on September 1, 2022, concluding that, while Plaintiff had demonstrated due diligence in attempting to serve Defendant Corbett by traditional means, Plaintiff had failed to show that her proposed means of alternative service met the constitutional requirements of due process. ECF No. 11.

In finding that Plaintiff had demonstrated due diligence, the Court observed that Plaintiff had sought the assistance of a process server to personally serve Defendant Corbett. *Id.* at 3. The process server attempted service at the offices of Catalyst Partners, at a home in Connecticut wherein an alleged former girlfriend of Defendant Corbett resided, and a total of four times at a home in New York where Plaintiff's counsel represented that Defendant Corbett's mother resided. *Id.* at 3-5. After those efforts proved unsuccessful, Plaintiff employed a private investigator in order to locate Defendant Corbett at his mother's home; this was also fruitless. *Id.* at 5. The Court was, and still is, satisfied that Plaintiff has exhausted all reasonable options for personal service on Defendant Corbett, and that substitute service remains the only option despite its uncertain chances of reaching Corbett.

The Court held in its prior opinion that Plaintiff's proposed means of alternative service (by email, Facebook messenger, and Whatsapp) did not meet the constitutional requirements of due process for several reasons. Regarding Plaintiff's proposed service via email, the Court found

---

[1] Regarding Plaintiff's attempted service on Catalyst Partners, Plaintiff represented in a Certification filed by her counsel on February 14, 2022 that personal service was unsuccessful despite several attempts, *see* ECF No. 9 at ¶¶ 2-8, but that Plaintiff would be serving both offices of Catalyst Partners "listed as active and current locations" by "certified mail, return receipt requested and first class mail on February 14, 2022." *Id.* at ¶ 11. Plaintiff's counsel also represented in his Certification in support of the first motion to permit alternative service on Corbett filed on February 14, 2022, that "service has been accomplished by mail to the two addresses listed on Catalyst's website." ECF No. 10-1 at ¶ 2. Plaintiff's counsel further attested in his Declaration in Support of Plaintiff's Request to Enter Default Judgment Against Catalyst Partners that service was effectuated successfully against Catalyst [ECF No. 14-2 at ¶¶ 2, 5]; however, to date, no such proof of service has been filed on the docket as to Catalyst Partners.

that Plaintiff had not provided any evidence verifying the connection between the provided email addresses and Defendant Corbett. *Id.* at 7. The Court also observed that Plaintiff had not provided any evidence demonstrating that the provided Facebook account belonged to Defendant Corbett, noting that Plaintiff would have to proffer proof of direct communication with the account, or even subpoena Facebook to gather proof of Defendant Corbett's ownership. *Id.* at 9. With regard to Plaintiff's proposed service via Whatsapp, the Court observed that Plaintiff had not shown that she had communicated with Defendant Corbett on the Whatsapp platform with the number Plaintiff alleged to be associated with Defendant Corbett. *Id.* For those reasons, the Court concluded that there was insufficient evidence to show that Defendant Corbett would be apprised of the pendency of Plaintiff's action against him. *See* ECF No. 11. In the instant motion, Plaintiff provides additional information regarding Corbett's online presence and again seeks leave to serve Defendant Corbett through the alternative means of Facebook messenger, Whatsapp messenger, and email pursuant to New Jersey Court Rule 4:4-4(b)(3).[2]

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e),

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[2] Plaintiff's motion solely seeks alternative service as to Defendant Corbett. *See* ECF No. 16-3, Certification of Avram E. Frisch in Support of the Motion to Permit Alternative Service, at ¶ 1.

>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, the primary method for effectuating service is personal service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules, however, allow for substitute or constructive service when personal service cannot be effected. *See* N.J. Ct. R. 4:4-4(b). "For *in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and 'as provided by court order, consistent with due process of law.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (citations omitted). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.* (citations omitted).

"Diligence has no fixed standard." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *Id.* (citation omitted). "Namely, the 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *O'Connor v. Abraham Altus*, 67 N.J. 106, 126 (1975)). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citations and quotations omitted). "Diligence requires

4

that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citation omitted).

### A. Due Diligence and Plaintiff's Attempts at Traditional Service

As set forth above, the Court in its prior opinion denying Plaintiff's first motion for alternative service found that Plaintiff had already demonstrated due diligence in attempting to personally serve Defendant Corbett via a process server. *See* ECF No. 11 at 3-5. Accordingly, the Court again finds that Plaintiff has satisfied the due diligence requirement in attempting to serve Defendant via traditional means.

### B. Compliance of Plaintiff's Proposed Methods of Alternative Service with Constitutional Due Process

The Court must still determine whether the types of alternative service requested by Plaintiff meet the constitutional requirements of due process. *See* N.J. Ct. R. 4:4-5(b); *see also H.D. Smith, LLC*, 2016 WL 3606785, at *2. The United States Supreme Court has held that constitutional notions of due process require "the opportunity to be heard." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). "Thus, to comply with due process, the proposed method of service must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Grange Ins. Co. v. Hankin*, No. 21-11928, 2022 WL 855694, at *4 (D.N.J. Mar. 23, 2022) (quoting *Mullane*, 339 U.S. at 314).

Plaintiff counsel's certification in the renewed motion proposes the following methods of alternative service:

> 10. We therefore propose to serve Mr. Corbett via Facebook Messenger, Whatsapp Messenger and Email. We believe that this will result in Mr. Corbett clearly seeing the complaint and as such comports with due process of law.

ECF No. 16-3, Certification of Avram E. Frisch in Support of the Motion to Permit Alternative Service ("Frisch Cert."), at ¶ 10.

While there is scant case law in the District of New Jersey on the permissibility of serving a United States defendant via email, Facebook messenger, or Whatsapp messenger, in a recent decision this Court cited a Ninth Circuit decision that noted that, in the context of reviewing motions for alternative service where the defendants resided internationally, "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Grange Ins. Co.*, 2022 WL 855694, at *4 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). Although such international service implicates Fed. R. Civ. P. 4(f) rather than subsection (e), the Ninth Circuit held that service abroad must likewise "comport with constitutional notions of due process," *Rio Props.*, 284 F.3d at 1016, thus indicating that the due process analysis is identical under subsections (e) and (f) of Rule 4.

Additionally, this Court has previously recognized that service by email is generally permitted where "the movant has 'supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *U.S. Sec. & Exch. Comm'n v. Vuuzle Media Corp.*, No. 2:21-cv-1226 (Waldor, J.), 2021 WL 1731947, at *3 (D.N.J. May 3, 2021) (alteration in original) (quoting *Morse v. Levine*, 2019 WL 7494619 (S.D.N.Y. Dec. 19, 2019), *report and recommendation adopted*, 2020 WL 85410 (S.D.N.Y. Jan. 3, 2020)).

6

In *Vuuzle Media Corp.*, this Court recognized that an email would genuinely apprise the defendant of the suit where recent communications and financial records reflected usage of the email and the defendant himself represented the email as his own in a public press release. *Id.* The court further noted that the fact that the defendant appeared to have knowledge of the lawsuit supported the suitability of email service. *Id.* This Court has also accepted email as a sufficient means of service where the plaintiff demonstrates direct communication with the defendant at the relevant address. *See Vaswani, Inc. v. Manjunathamurthy*, No. 2:20-cv-20288 (Waldor, J.), 2021 WL 1541071, at *2 (D.N.J. Apr. 19, 2021). However, the court in *Vaswani, Inc.* also partially denied the plaintiff's motion for alternative service as to certain defendants where the plaintiff only provided a record of an email address being associated with the defendant without demonstrating that the party was actually "likely to receive the Summons and Complaint via that address." *Id.*, at *3. The court emphasized that it is unable to permit service by email without sufficient proof that the email address genuinely belongs to the defendant or that the defendant "actively uses it." *Id.*

Here, Plaintiff lists three email addresses in the proposed order that she alleges are associated with Defendant Corbett. ECF No. 16-5. Plaintiff certifies that Defendant Corbett used these email addresses during their relationship, which Plaintiff knows because she emailed with Defendant Corbett during that time. *See* ECF No. 16-1 at ¶ 3. One of these email addresses is the email address that is registered with Defendant Corbett's allegedly active Facebook account. *See* ECF No. 16-4 at 5. The Court is persuaded that Plaintiff has remedied the deficiency set forth in the Court's September 1, 2022 Opinion and Order and has sufficiently demonstrated the connection between the three email addresses and Defendant. In light of similar findings by this Court in *Vuuzle Media Corp.* and *Vaswani, Inc.*, the Court thus finds that Plaintiff has sufficiently

demonstrated the adequacy of service by email. Therefore, Plaintiff's request to serve Defendant Corbett via email is **GRANTED**.

Regarding Plaintiff's request to serve Defendant Corbett via Facebook messenger and Whatsapp messenger, the Court notes that, "[a]s a general matter, service via social media is assessed in the same manner as email service, with the analysis centering on due process concerns for the defendant receiving notice of the lawsuit." *Vaswani, Inc.*, 2021 WL 1541071, at *4 (citing *Asiacell Commc'ns PJSC v. Doe*, 2018 WL 3496105 (N.D. Cal. July 20, 2018)).

In *Vaswani, Inc.*, the plaintiff had provided documentation which listed the individual defendant as Chief Executive Officer of the defendant company and purportedly linked the individual defendant's Facebook profile, which in turn linked the individual defendant's Instagram profile. *Id.*, at *5. In analyzing this method of service, the court explained that the printouts failed to prove that the Instagram profile actually belonged to the defendant, nor did the documentation provide any indication that the defendant "actively monitors" the relevant account. *Id.* The court concluded that "where courts have permitted service through social media messaging, they have been presented with strong evidence demonstrating that the party being served was likely to receive the message." *Id.* (citing *Silverman v. Sito Mktg. LLC*, 14-CV-3932, 2015 WL 13649821 (E.D.N.Y. July 21, 2015)). Plaintiff's original motion was denied for a failure to meet this standard. ECF No. 11 at 8-9. In denying the original motion, this Court observed that Plaintiff furnished no evidence that the Facebook profile actually belonged to Defendant Corbett, and noted that Plaintiff may have to go so far as to subpoena Facebook. *Id.* at 9. With regard to Whatsapp, the Court noted that Plaintiff had not provided any evidence regarding how Plaintiff obtained the phone number that she provided, nor did Plaintiff show how the phone number was related to Defendant Corbett. *Id.*

In her renewed motion, Plaintiff has set forth sufficient evidence to prove that Defendant is reasonably likely to receive the summons via Facebook messenger and Whatsapp. Plaintiff has provided images from the Facebook account which purportedly belongs to Defendant Corbett. ECF No. 16-2. According to Plaintiff's certification, these images contain posts regarding the death of Defendant Corbett's own mother in December of 2022, along with images of Defendant Corbett himself. *See* ECF No. 16-1. Plaintiff also served a subpoena on Meta, Inc., the owner of Facebook and Whatsapp, and obtained a response to the subpoena entitled "Meta Platforms Business Record" which indicates that Defendant Corbett is the owner of the Facebook account. ECF No. 16-4 at 1. The record also shows that the account is still active. *Id.* These facts are sufficient to show that Defendant Corbett is likely to receive notice of this lawsuit via Facebook messenger. As to Whatsapp, Plaintiff certifies that she communicated extensively with Defendant Corbett using the number at which she now wishes to reach him. ECF No. 16-1 at ¶ 4. Further, that same number was listed in the Meta Platforms Business Record as the number associated with Defendant's Facebook account, ECF No. 16-4 at 2, and both Facebook messenger and Whatsapp send read receipts, which notify the sender of a message that the message has been received and read. *See* Frisch Cert. at ¶ 9. Taking these facts altogether, the Court finds that service via Facebook messenger and Whatsapp is reasonably likely to apprise Defendant of the pendency of this action. Therefore, Plaintiff's requests to serve Defendant Corbett via Facebook messenger and Whatsapp are **GRANTED**.

### C. Plaintiff's Default Judgment Motion Against Catalyst Partners

The Court will now *sua sponte* address Plaintiff's motion for default judgment against Catalyst Partners. As the Court noted *infra* in footnote 1, while Plaintiff has stated in various filings that service was successfully executed against Defendant Catalyst Partners via certified

mail and first class mail, no such proof of service has been filed on the docket. Accordingly, the Court declines to find default judgment against Catalyst Partners is appropriate at this juncture when it is unclear whether service has been properly effectuated against the same. Therefore, Plaintiff's motion for default judgment against Catalyst Partners [ECF No. 14] is **DENIED without prejudice**.

However, pursuant to New Jersey Court Rule 4:4-4(a), service may be effected upon a partnership or unincorporated association by serving a copy of the complaint and summons upon an officer or managing agent (N.J. Ct. R. 4:4-4(a)(5)); and upon a corporation by serving a copy of the complaint and summons upon "any officer, director, trustee or managing or general agent" on behalf of the corporation (N.J. Ct. R. 4:4-4(a)(6)). It is unclear from Plaintiff's filings whether Catalyst Partners is an unincorporated association or a corporation. The Court deems such distinction irrelevant for purposes of effectuating service because Plaintiff alleges that Defendant Corbett is a principal of Catalyst Partners, and indeed that Catalyst Partners is "essentially the alter ego of Corbett." ECF No. 8, Am. Compl., at ¶¶ 6-7. Therefore, the Court finds that effectuating service on Defendant Corbett via the approved substituted methods set forth above will also constitute effective service against Defendant Catalyst Partners since Corbett appears to be the principal/managing agent of Catalyst Partners. Thus, while Plaintiff's motion for default judgment against Catalyst Partners is denied at this juncture, Plaintiff may file a renewed motion after service has been executed via substitute service as to both Defendants, should Defendants thereafter fail to plead or otherwise defend in this action.

### D. Extension of Time to Serve

Finally, while Plaintiff has not formally moved for an enlargement of the time to serve Defendants, the Court finds that good cause exists to provide Plaintiff with such an enlargement

of time. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

To determine whether to extend the time to effectuate service, the Court makes a two-step inquiry. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). First, the Court "determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted." *Id.* (citations omitted). However, "[i]f good cause does not exist, the district court must consider whether to grant a discretionary extension of time . . . . In determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'" *Id.* (citations omitted). "The good cause prong requires that 'a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules.'" *H.D. Smith, LLC*, 2016 WL 3606785, at *3 (citations omitted). "Thus, when determining whether or not good cause exists, the Court should assess, among other things, 'the reasonableness of plaintiff's efforts to serve,' and 'whether the plaintiff moved for an enlargement of time to serve.'" *Id.* (quoting *Pilone v. Basik Funding, Inc.*, NO. CIV. 05-3798, 2007 WL 203958, at *2 (D.N.J. Jan. 24, 2007)).

In this case, the Court finds that good cause exists to enlarge the time to serve Defendant Corbett and thereby effectuate service as to both Defendants. Plaintiff has already demonstrated due diligence in her attempts to serve Defendants, and has been unable to effectively serve at least Defendant Corbett, not through any fault or lack of effort on Plaintiff's part. In light of these

11

circumstances, Plaintiff has acted reasonably. Accordingly, Plaintiff shall have until October 3, 2023 to serve Defendants.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **3rd** day of **August, 2023**,

**ORDERED** that Plaintiff's renewed motion for Alternative Service [ECF No. 16] is **GRANTED**; and it is further

**ORDERED** that Plaintiff will be permitted until **October 3, 2023** to effectuate service on Defendants Corbett and Catalyst Partners by the enumerated methods listed in Paragraph 8 of Mr. Frisch's Certification of Counsel [ECF No. 16-3 at ¶ 8] (namely, the three email addresses, Facebook messenger to Defendant Corbett's account, and the telephone number on Whatsapp); and it is further

**ORDERED** that the foregoing shall constitute good and effective service of process on Defendants Corbett and Catalyst Partners in this matter; and it is further

**ORDERED** that Plaintiff will file proof of service, in certification form or otherwise, upon completion of service pursuant to the provisions set forth above; and it is further

**ORDERED** that Plaintiff's motion for default judgment against Catalyst Partners [ECF No. 14] is **DENIED without prejudice** pending effective service against both Defendants.

                                                         s/ James B. Clark, III
                                                       **JAMES B. CLARK, III**
                                                       **United States Magistrate Judge**